UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CHRISTOPHER BRIGGS,<br><br>                Plaintiff,<br>    v.<br>AETNA PHARMACY MANAGEMENT,<br><br>                Defendant. | Case No. 3:24-cv-05681-TMC<br><br>REPORT AND RECOMMENDATION<br><br>NOTED FOR DECEMBER 19, 2024 |

This matter comes before the Court on screening of Plaintiff's amended proposed complaint. Dkt 6. The Court granted Plaintiff's motion to proceed *in forma pauperis*. Dkt. 3. This matter has been referred for review of the Plaintiff's amended complaint to the undersigned Magistrate Judge. *Mathews, Sec'y of H.E.W. v. Weber*, 423 U.S. 261 (1976); 28 U.S.C. § 636(b)(1)(B); Local Rule MJR 4(a).

After consideration of the proposed amended complaint, the Court recommends the case should be dismissed because Plaintiff has not stated a claim upon which relief can be granted. As Plaintiff has been given leave to amend and has been unable to cure the deficiencies of his claims, the Court recommends that additional leave to amend not be given and this case be DISMISSED.

DISCUSSION

The Court must subject each civil action commenced pursuant to 28 U.S.C. § 1915(a) mandatory screening and order the sua sponte dismissal of any case that is

REPORT AND RECOMMENDATION - 1

"frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); see also *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits but requires" the court to sua sponte dismiss an IFP complaint that fails to state a claim). An IFP complaint is frivolous if "it ha[s] no arguable substance in law or fact." *Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1369 (9th Cir. 1987) (citing *Rizzo v. Dawson*, 778 F.2d 527, 529 (9th Cir. 1985)); see also *Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984).

A *pro se* plaintiff's complaint is to be construed liberally, but like any other complaint it must nevertheless contain factual assertions sufficient to support a facially plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim for relief is facially plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Unless it is absolutely clear that no amendment can cure the defects of a complaint, a *pro se* litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action. See *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir.1995). Leave to amend need not be granted "where the amendment would be futile or where the amended complaint would be subject to dismissal." *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991).

Here, Plaintiff fails to state a claim upon which relief can be granted in the proposed amended complaint (Dkt. 6). Plaintiff again summarily states that he was charged a co-pay for prescriptions, but those charges should not have happened because he has particular qualifications under social security. The proposed amended complaint does not allege how he was qualified for the program, or whether the program covered the copay and dollar amount for specific prescriptions that allegedly should have been paid. Rather, he just asserts that he was denied coverage and attaches several exhibits which appear to be printouts of bills or correspondence regarding bills; but without a foundation to show how he was qualified and that these particular prescriptions and copays would be covered under the program, these exhibits are not sufficient to state a claim.

Plaintiff also attaches a notice from Aetna stating that Plaintiff qualifies for "extra help" paying for his prescriptions effective January 1, 2025. Dkt. 6 at 7. Nevertheless, the exhibit is not a substitute for a well-pled complaint, and therefore should not be considered as part of the proposed amended complaint. *See* Fed. R. Civ. P. 8(a), (d). Even if the Court considered this attachment to be incorporated into the proposed amended complaint by reference, it would not support the claims for a failure to cover the co-pay on previous billings, because the Aetna notice states it would not begin until January 1, 2025.

Under Federal Rule of Civil Procedure (FRCP) 8(a), a complaint must contain "a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a). Plaintiff must allege a plausible set of facts that would show they are entitled to any relief. *Ashcroft v. Iqbal,* 556 U.S. 662, 681 (2009).

1  Mere conclusory statements in a complaint and "formulaic recitation[s] of the
2  elements of a cause of action" are not sufficient. *Id.*; *Chavez v. United States*, 683 F.3d
3  1102, 1108-09 (9th Cir. 2012). "Dismissal can be based on the lack of a cognizable
4  legal theory or the absence of sufficient facts alleged under a cognizable legal theory."
5  *Ballistreri v. Pacifica Police Dept.,* 901 F.2d 696, 699 (9th Cir. 1990).
6  In sum, Plaintiff has not stated a short and plain statement of a claim showing he is
7  entitled to relief. *See Iqbal*, 556 U.S. at 678 (a pleading must be more than an
8  "unadorned, the defendant-unlawfully-harmed-me accusation"); *see also Twombly*, 550
9  U.S. at 545 (to state a claim for relief, "[f]actual allegations must be enough to raise a
10 right to relief above the speculative level").
11 Accordingly, Plaintiff has failed to state a claim upon which relief can be granted.
12 C.  Leave to Amend
13 Unless it is absolutely clear that no amendment can cure the defect, a pro se litigant
14 is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to
15 dismissal of the action. *See Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995). In
16 this case, Plaintiff has filed a proposed amended complaint. But the proposed amended
17 complaint does not allege any cognizable legal claims against defendants. *See* Dkts. 1,
18 6. Thus, Plaintiff should not be afforded another opportunity to amend his proposed
19 Complaint.
20                              CONCLUSION
21 For the reasons discussed above, the Court recommends that this matter be
22 dismissed without prejudice for failure to state a claim. A proposed Order and proposed
23 Judgment accompany this Report and Recommendation.
24
25

NOTED FOR DECEMBER 19, 2024 - 4

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the Clerk is directed to set the matter for consideration on December 19, 2024, as noted in the caption.

Dated this 4th day of December, 2024.

Theresa L. Fricke
United States Magistrate Judge

NOTED FOR DECEMBER 19, 2024 - 5